1  Michael J. Nader, SBN 200425
   michael.nader@ogletree.com
2  Elizabeth D. Rhodes, SBN 218480
   elizabeth.rhodes@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  500 Capitol Mall, Suite 2500
   Sacramento, CA  95814
5  Telephone:     916-840-3150
   Facsimile:     916-840-3159
6
   Attorneys for Defendant
7  W.W. GRAINGER, INC.

8              **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10                    **FRESNO DIVISION**

| | |
|---|---|
| 11  VERONICA RODRIGUEZ, on behalf of herself and others similarly situated, | Case No. |
| 12             Plaintiff, | **DEFENDANT W.W. GRAINGER, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| 13        vs. | |
| 14  W.W. GRAINGER, INC., and DOES 1 to 100, inclusive, | [Filed concurrently with Civil Case Cover Sheet; Declarations of Ariel Kumpinsky, Hank Galatz, and Cristina Berenyi; and Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1] |
| 15 | |
| 16             Defendants. | |
| 17 | Stanislaus County Superior Court Case No. CV-23-000752 |
| 18 | Action Filed:        February 10, 2023 |
| 19 | |

20

21  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT**

22  **OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

23          **PLEASE TAKE NOTICE** that Defendant W.W. Grainger, Inc. ("Defendant"), through

24  undersigned counsel, hereby removes the above-captioned action from the Superior Court of the

25  State of California for the County of Stanislaus, to the United States District Court for the Eastern

26  District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

27  ///

28  ///

1

## I.    PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL

2        1.    On February 10, 2023, Plaintiff filed an unverified Complaint in the Superior Court

3 of the State of California, County of Stanislaus, commencing the action entitled "*Victoria*

4 *Rodriguez* v. *W.W. Grainger, Inc*., Case No.: CV-23-000752 ("Complaint"). A true and correct

5 copy of the Complaint is attached as **"Exhibit A"** to this Notice of Removal. The Plaintiff's

6 Complaint asserts claims for: (1) failure to pay minimum wages; (2) failure to pay wages and

7 overtime under Labor Code §§ 510 and 1194; (3) meal period liability under Labor Code §§ 512

8 and 226.7; (4) failure to provide complete and accurate wage statements in violation of Labor Code

9 § 226; (5) violation of Business & Professions Code § 17200 *et seq*.

10        2.    Defendant's registered agent for service of process was served with the Complaint

11 on February 10, 2023. True and correct copies of the documents served on Defendant's registered

12 agent are attached to this Notice as **"Exhibit B."** On March 20, 2023, Defendant timely filed an

13 answer to Plaintiff's Complaint. A copy of the Answer is attached as "**Exhibit C."**

14        3.    A defendant in a civil action has thirty (30) days from the date it is served with a

15 summons and complaint in which to remove the action to federal court. 28 U.S.C. § 1446(b);

16 *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). As Defendant's

17 registered agent for service of process was served with the summons and Complaint on February

18 10, 2023, this Notice of Removal is timely. 28 U.S.C. § 1446(b).

19

## II.    PLAINTIFF'S COMPLAINT IS REMOVABLE PURSUANT TO CAFA

20        4.    As set forth below, Plaintiff's claims as alleged in the Complaint are removable

21 under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

22        5.    Under CAFA, the Federal District Court has jurisdiction if:

23        a)    There are at least 100 class members in all proposed plaintiff classes; and

24        b)    The combined claims of all class members exceed $5 million exclusive of

25        interest and costs; and

26        c)    Any class member (named or not) is a citizen of a different state than any

27        defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

28 ///

**A.**    <u>**There Are At Least 100 Class Members in the Proposed Class**</u>

6.    Plaintiff purports to bring this action on behalf of the following class categories:  (a) with respect to minimum wage, overtime, regular rate, meal period, meal period premium wages, plaintiff purports to bring a class action for a class defined as all "current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees" and "All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class …." (Exh. A, ¶¶ 3, 34, subparagraphs A-E); (b) with respect to wage statements, plaintiff purports to bring a class action on behalf of a class defined as ""current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees" and "All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class …. (Exh. A, ¶¶ 3, 34, subparagraphs F.  Plaintiff asserts that these categories constitute the "California Class." (Exh. A, ¶ G).

7.    Plaintiff alleges that "while the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case."  (Exh. A, ¶ 35, Subparagraph A). Based on a review of Defendant's business records, 1,313 individuals were employed as hourly employees at Defendant's distribution centers within the State of California (collectively referred to as the **"putative class members"** or **"PCMs"**) at some time during the period from February 10, 2019 until February 10, 2023 (the **"Relevant Period"**).[1] (Declaration of Ariel Kumpinsky, ¶ 7).[2]

---

[1] Defendant acknowledges that the relevant "statutory" period is from February 10, 2019 until present. Because of the need to review the data for this Notice of Removal by a date certain, Defendants have designated February 10, 2019 until February 10, 2023 as the "Relevant Period" for purposes of this Notice of Removal.

[2] For purposes of effecting removal pursuant to 28 U.S.C. § 1332(d), declarations from Defendant and their counsel

1  With 1,313 PCMs, the first requirement of CAFA jurisdiction is satisfied.

2        **B.    The Requisite $5 Million Amount In Controversy Is Satisfied**

3        7.      CAFA authorizes the removal of class-action cases in which the amount in

4  controversy for all class members exceeds $5 million.  28 U.S.C. § 1332(d).

5        8.      In the Complaint, Plaintiff seeks, among other things, unpaid minimum and

6  overtime wages, unpaid meal and rest break premiums, wage statement penalties, and waiting time

7  penalties during the applicable statutory periods on behalf of herself and the putative class

8  members.  (*See generally* Exh. A.)  As set forth below, even when factoring in potential amounts in

9  controversy for less than half of the total claims asserted, the amount in controversy still exceeds

10  the $5 million threshold for CAFA removal.[3]  *See* 28 U.S.C. § 1332(d).

11              **1.    Relevant Class Member Data.**

12        9.      Plaintiff alleges violations of Section 17200 *et seq.* of the Business & Professions

13  Code.  A four-year statutory period applies to the class-action claims for meal/rest premiums and

14  unpaid wages when the complaint pleads a derivative Unfair Competition ("UCL") claim.  Cal.

15  Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter

16  shall be commenced within four years after the cause of action accrued"); *Cortez v. Purolator Air*

17  *Filtration Products Co.*, 23 Cal. 4th 163, 178-179 (2000) (the four-year statute of limitations

18  applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of

19  limitation).

20

21  constitute sufficient evidence to establish the amount in controversy.  See, e.g., *Muniz*, 2007 WL 1302504, at *2, *5
22  (relying on the evidence submitted by the defendant in the form of a declaration from its employee relations manager,
   which "set[…] forth the underlying facts needed to calculate the amount in controversy," and a declaration from its
23  counsel, which calculated the amount in controversy based on the underlying facts and in light of the laws governing
   the plaintiff's claims, and finding that the defendant had shown that "it is more likely than not that the jurisdictional
24  threshold of $5,000,000.00 is met");  *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at
   *4 (N.D. Cal. Mar. 1, 2012) (finding there was "adequate foundation" for the declaration submitted by the defendant's
25  human resources director regarding "the numbers of employees, pay periods [sic] and average rates of pay during the
   applicable limitations periods," which was derived from a compilation of "information that is kept in the normal course
26  of business," and relying on the declaration to find that the defendant had met its burden to establish the amount in
   controversy in excess of CAFA's jurisdictional threshold).

27  [3] In alleging the amount in controversy for purposes of CAFA removal, Defendant does not concede in any way that
   the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the
28  operative Complaint.  Nor does Defendant concede that any or all of the current or former employees are entitled to
   any recovery in this case, or are appropriately included in the putative class.

DEFENDANT W.W. GRAINGER, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

10. Upon careful review of Defendant's records[4] over the Relevant Period, Defendant employed 1,313 individuals as PCMs. (Kumpinsky Decl. ¶7)

11. During the Relevant Period, PCMs worked approximately 37.330 biweekly pay periods in California. (*Id.*)

12. During the Relevant Period, the PCMs earned an average of over $20.52 per hour. (Kumpinsky Decl., ¶15).

13. Within the four-year statute of limitations applicable to the First and Second Causes of Action based on the February 10, 2023 filing date of the complaint, and data covering the period February 10, 2019 to February 10, 2023, 1,313 putative class members worked 37,330 biweekly pay periods. (*Id.,* at ¶7).

14. Within the three-year statute of limitations applicable to the Third Cause of Action based on the February 10, 2023 filing date of the complaint, and data covering the period February 10, 2020 to February 10, 2023, 728 putative class members separated employment from Defendant. (*Id.,* at ¶9).

15. Within the one-year statute of limitations applicable to the Fourth Cause of Action, based on the February 10, 2023 filing date of the complaint, and data covering the period February 10, 2022 to February 10, 2023, 735 putative class members worked 11,301 biweekly pay periods. (*Id.,* at ¶8).

**2.   Plaintiff's First Cause of Action - Failure to Pay Minimum Wages**

16. With reference to plaintiff's first cause of action, she alleges that "Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including but not limited to …. (a) Requiring plaintiff and similar situated employees to line up to wait to undergo and undergo off the lock bag checks after clocking out for their meal breaks when leaving …premises for meal breaks and after clocking out for the end of their shift; (b) during the Covid-19 pandemic, … required [them] to line up to wait to undergo and undergo off-the-clock temperature checks prior to

---

[4] Records that were reviewed by Ariel Kumpinsky and referenced in his declaration were provided by Defendant through its counsel, as set forth in the Declaration of Cristina Berenyi.

being permitted to clock in ....; ...(c) Since ...November 10, 2022, requir[ing them] ... to line up to ...undergo off-the-clock security checks prior to clocking in for the start of their shift." (Exh. A, ¶¶ 15, 40). Plaintiff also alleges that Defendant had a policy, practice, and/or procedure of failing to pay the correct regular rate for overtime. (Complaint ¶¶ 24-25).

17.     Plaintiff makes no allegations to indicate any limit to the frequency of the alleged violations. Thus, it is entirely reasonable for Defendant to assume up to a 100% violation rate for each of Plaintiff's claims. *See, e.g., Rea v. Michael Stores, Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (recognizing effect of company declaration showing store managers expected to work 45-50 hours per week for amount-in-controversy calculation on overtime claim); *Stevenson v. Dollar Tree Stores, Inc.*, No. CIV S-11-1433 KJM DAD, 2011 WL 4928753, *2 (E.D. Cal. October 17, 2011) (where, as here, it was plaintiff's standard practice not to pay "requisite compensation for all hours worked," without more specific allegations to narrow the potential scope of damages, the complaint was not susceptible to precise calculations and defendant's calculation of potential missed meal period damages at 100% of the shifts was appropriate). Thus, Defendant conservatively applies 1 hour of unpaid time, at the straight time rate, per workweek during the Relevant Period.

18.     Courts in the Ninth Circuit have regularly approved assumptions of 1 hour of off-the-clock time per week, where, as here, the Complaint broadly alleges off-the-clock work without limitation. See *Kincaid v. Educ. Credit Mgmt. Corp.,* No. 2:21-CV-00863-TLN-JDP, 2022 WL 597158, at *3 (E.D. Cal. Feb. 28, 2022) (finding assumption of 1 hour of unpaid minimum wage per week was reasonable given the Complaint's lack of specific allegations to the contrary); *Kastler v. Oh My Green, Inc.*, No. 19-cv-02411-HSG, 2019 WL 5536198, at *4 (N.D. Cal. Oct. 25, 2019)(stating that an assumption of 1 hour of unpaid minimum wage per week was a "conservative estimate routinely endorsed by courts in evaluating CAFA's amount in controversy requirement when plaintiff fails to include specific allegations").

19.     For each of the 1,313 PCMs, the number of weeks worked was multiplied by one hour, so that if an employee were to work 10 weeks, for example, 10 hours of unpaid minimum wage was assigned. (Kumpinsky Decl., ¶ 27). Based upon the conservative estimate that each PCM

is entitled to one hour of unpaid wages per workweek, and conservatively applying an hourly rate of $20.52 in effect during the Relevant Period, the amount of unpaid wages in controversy relating to the minimum wage allegations of the first cause of action, during the relevant time period is at least **$1,475,470.08.** (Kumpinsky Decl., ¶¶26-28).

### 3.    <u>Second Cause of Action – Failure to Pay Overtime Wages</u>

20.    With reference to plaintiff's second cause of action, she alleges that "…Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked" due to "Defendants' employed policies, practices, and/or procedures including but not limited to …. (a) Requiring plaintiff and similar situated employees to line up to wait to undergo and undergo off the lock bag checks after clocking out for their meal breaks when leaving …premises for meal breaks and after clocking out for the end of their shift; (b) during the Covid-19 pandemic, … required [them] to line up to wait to undergo and undergo off-the-clock temperature checks prior to being permitted to clock in ….; …(c) Since …November 10, 2022, requir[ing them] … to line up to …undergo off-the-clock security checks prior to clocking in for the start of their shift." (Exh. A, ¶¶ 49-50). Plaintiff also alleges that Defendant had a policy, practice, and/or procedure of failing to pay the correct regular rate for overtime. (Complaint ¶ 50).

21.    Plaintiff makes no allegations to indicate any limit to the frequency of the alleged violations. Under these conditions, case law permits limiting the overtime estimate to one hour per week as reasonable. See *Sanchez v. Abbott Lab'ys*, No. 2:20-cv-01436-TLN-AC, 2021 WL 2679057, at * 5 (E.D. Cal. June 30, 2021) ("Courts in this Circuit have often found a 20% violation rate (one unpaid overtime hour per week) a reasonable and 'conservative estimate' when plaintiff alleges a 'policy and practice' of failing to pay overtime wages."). See, e.g., *Hender v. Am. Directions Workforce LLC*, No. 2:19-cv-01951-KJM-DMC, 2020 WL 5959908, at *8 (E.D. Cal. Oct. 8, 2020); see also *Stanley v. Distrib. Alts., Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (holding violation rate of "two hours of overtime" reasonable where the complaint alleged a "'pattern and practice' of wage and hour violations" but "no guidance as to the frequency of these violations" and there was "no competing evidence that would suggest lower violation rates"). Here, as in *Hender* and *Sanchez*, supra, a 20% violation rate

is reasonable because Plaintiff alleges a policy and practice of violations and no contrary evidence showing otherwise exists.

22.    To calculate the potential exposure for alleged overtime violations, the number of weeks worked by 1,313 PCMs was reviewed in the Timekeeping Data, and multiplied by one hour to calculate the total amount of overtime hours to be used to calculate the potential exposure.  That value was then multiplied by 1.5 the class average pay rate of $20.52.  These calculation yielded 71,904 for the number of potential overtime hours and the total potential unpaid overtime at $2,213.205.12. (Kumpinsky Decl. ¶¶22-25).

**4.    Plaintiff's Third Cause of Action – Meal Period Liability under Labor Code § 226.7.**

23.    Plaintiff's Third Cause of Action alleges that violations of Labor Code 510 and 1194, and Wage Order 1 occurred when "…Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures were not limited to, (a) Discouraging meal breaks by requiring Plaintiff and the Meal Period Class to be subjected to line up to wait to undergo off-the-clock bag checks if/when leaving Defendants' premises for meal breaks.  (See, Exh. A, ¶60). In addition, Plaintiff alleges "Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods.  Defendants lacked a policy and procedure for compensating the Plaintiff and Meal Period Class with premium wages when they did not receive all legally required and legally compliant meal period. " (Exh. A, ¶61).  Further, Plaintiff alleges that "… on occasions when Defendant paid Plaintiff and the Meal Period Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and /or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Meal Period Premium Wages Class' regular rate of compensation" because Defendants "maintained a policy, practice, and/or procedure of failing to include all remuneration such as 'achievement award' and 'cash award' for example, when calculating Plaintiff's and the Meal Period Premium Wages Class regular rate of

pay for the purposes of paying meal period premiums." (Exh. A, ¶62.)  No uniform policy is alleged.

24.     If an employer fails to provide an employee a meal period as required, the employee may recover one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.  Cal. Labor Code § 226.7.  Plaintiff seeks unpaid meal period premiums under Cal. Labor Code § 226.7 and Wage Order 1, on behalf of herself and the putative class.  (Exh. A, ¶¶ 64-65, Prayer for Relief.)

25.     The Complaint does not allege the number of meal periods that were not provided to Plaintiff or the putative class members.  Plaintiff's allegations regarding the frequency of purported meal period violations are that it was "on occasion" and a result of lacking a uniform policy and procedure.  (Exh. A, ¶¶ 61-62).  Where Plaintiff alleges a systematic deprivation of rights, and the plaintiff has alleged a "uniform" policy and practice, it is appropriate to assume a 100 percent violation rate in calculating the amount in controversy.  *See Amaya v. Consolidated Container Co.*, No. 2:15-cv-03369-SVW-PLA, 2015 WL 4574909 (C.D. Cal. July 28, 2015) ("[C]ourts have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice (or other similar language) and where the plaintiff offers no evidence rebutting this violation rate."). Even though Defendant could have relied on a 100 percent violation rate, it conservatively applied a violation rate of 20% of shifts worked that are greater than five hours, during the relevant four-year statute of limitations.  At the $20.52 rate, the amount of missed meal period premiums in controversy during the Relevant Period is $1,196,274.96 (58,298 weeks X $20.52**).** (Kumpinsky Decl., ¶¶18-21).

**5.     Plaintiff's Fourth Cause of Action – Failure to Provide Accurate Wage Statement in Violation of Labor Code § 226.**

26.     Plaintiff alleges Defendant that failed to provide accurate wage statements as required by California Labor Code section 226 et seq. (Exh. A, ¶¶70-75.)

27.     Plaintiff's claim for wage statement penalties is wholly derivative of her claims for unpaid minimum, overtime, and premium wages. As such, it puts at issue every wage statement for every pay period during the 1-year statutory period from February 10, 2021 to the present. See,

e.g., *Gipson v. Champion Home Builders, Inc.*, No. 1:20-cv-00392-DAD-SKO, 2020 WL 4048503, at *8 (E.D. Cal. July 20, 2020) (100% assumed violation rate was reasonable based on reasonable assumption that class members suffered at least one violation of meal or rest break violations per pay period); *Nunes v. Home Depot U.S.A., Inc.*, No. 2:19-cv-01207-JAM-DB, 2019 WL 4316903, at *3 (E.D. Cal. Sept. 12, 2019) (same)).  Section 226(e) provides penalties for inaccurate wage statements as follows: the "greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)[.]"  735 PCMs were identified as provided a wage statement from February 10, 2022 through February 10 2023.  Plaintiff alleges that "Defendant provided …itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned." (Exh. A, ¶ 70).  Accordingly, Plaintiff has put $4,000.00 of wage statement penalties in controversy, with assumed total allegedly affected pay periods of 11,301 in number, and total alleged Inaccurate Wage Statement Penalties at issue in the amount of $1,093,350.00 (Kumpinsky Decl., ¶¶29-30).

### 6.    Attorneys' Fees

28.    Plaintiff seeks attorneys' fees on behalf of the putative class.  (Ex. A, Prayer for Relief).  Attorneys' fees are properly included in the amount in controversy.  *See, Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes).

29.    In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount.  *See, e.g., Hanlon v. Center for Auto Safety*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *In re Activision Securities Litigation*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where range of attorneys' fee award ranged between 25% and more than 40%).  Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy.  *See, e.g., Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that

defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendants "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *6-7 (N.D. Cal. 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'"). Without attorneys' fees calculated, however, the amount in controversy is well above the jurisdictional value to remove this matter.

30.     The amount in controversy for the claims discussed above, excluding attorneys' fees, total **$5,978,300.16**.  Twenty-five percent of this amount is **$1,494,575.04.**  The combined total yields an amount in controversy of **$7,472,875.20,** which easily exceeds the five million required to establish federal jurisdiction under CAFA.

### 7.     Summary of Amount in Controversy

31.     As set forth above, the allegations in the Complaint satisfies the requisite $5 million for purposes of removal under CAFA:

| **Damages** | **Amount** |
|---|---|
| Alleged Unpaid Minimum Wages | **$1,475,470.08** |
| Alleged Meal Period Violations | **$1,196,274.96** |
| Alleged Unpaid Overtime | **$ 2,213,205.12** |
| Alleged Wage Statement Violations | **$ 1,093,350.00** |
| Attorneys' Fees | **$1,494,575.04** |
| TOTAL | **$7,472,875.20** |

This amount is only for the First, Second, Third, and Fourth Causes of Action.  It does not include amounts for the Fifth Case of Action.  Thus, by only considering four of the plaintiff's five causes of action, Defendant was able to clearly establish that removal under CAFA is proper under CAFA is proper under 28 U.S.C. §1332(d).

///

**C.**   **Any Class Member Is A Citizen Of A Different State Than Any Defendant.**

32.   For purposes of establishing diversity under CAFA, this Court need only find that there is diversity between one putative class member and the named Defendant, Defendant.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

**1.**   **Citizenship of Defendant**

33.   Defendant was at the time of the filing of this action, and still is, a corporation incorporated under the laws of Illinois.  (Galatz Decl. ¶ 4.)  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The U.S. Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corporation v. Friend*, 559 U.S. 77 (2010).  The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 78.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination."  *Id.*

34.   Defendant's principal place of business and the location where its executive and senior management personnel coordinate its corporate activities is Lake Forest, Illinois.  (Galatz Decl. ¶ 4.)

35.   Therefore, at all material times, Defendant has been a citizen of Illinois.

36.   There are no other named Defendants in this action.  Accordingly, there is no requirement for anyone else to join in this removal.  The citizenship of fictitiously-named *"Doe"* defendants is to be disregarded for the purposes of removal based on diversity jurisdiction. 28 U.S.C. § 1441(a).

**2.**   **Citizenship of Plaintiff and putative class members.**

37.   For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's
///

1    domicile is the place he or she resides with the intention to remain or to which he or she intends to

2    return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

3        38.    Plaintiff alleges that she is and was a resident of California, and "was employed by

4    Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

5    (Exh. A ¶ 3.)  *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("place of employment" an

6    important factor weighing in favor of citizenship).  Therefore, Plaintiff is a citizen of California.

7        39.    Members of the proposed class, who by definition are or were employed in

8    California, are presumed to be primarily citizens of the State of California.  *See, Lew* 797 F.2d at

9    750 ("place of employment" an important factor weighing in favor of citizenship).  Thus, even if

10   Plaintiff was somehow not a citizen of California (despite her allegations) and was instead a citizen

11   of Illinois (and there is no evidence that is the case), the hundreds of putative class members, all of

12   whom worked in California (Exh. A ¶¶ 6, 31), are also citizens of California.

13       40.    Accordingly, the minimal diversity of citizenship requirements under 28 U.S.C. §

14   1332(d)(2) are met.  Moreover, because Defendant is not a citizen of California, the exceptions to

15   CAFA jurisdiction under 28 U.S.C. § 1332(d)(3) and (d)(4) are inapplicable.

16   **II.    THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

17       **A.    Timeliness**

18       41.    As related above, Defendant's registered agent for service of process was served

19   with the summons and Complaint on February 10, 2023.  True and correct copies of the documents

20   served on Defendant's registered agent are attached to this Notice as **Exhibit "A."**

21       42.    A defendant in a civil action has thirty (30) days from the date it is served with a

22   summons and complaint in which to remove the action to federal court.  28 U.S.C. § 1446(b);

23   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  As Defendant's

24   registered agent for service of process was served with the summons and Complaint on September

25   27, 2018, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b).

26       **B.    Procedural Requirements**

27       43.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served

28   upon Defendant are attached as Exhibits to the Nader Declaration filed concurrently herewith.

44.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in Stanislaus County and with the Clerk of the Easter District of California.  True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

**III.    <u>CONCLUSION</u>**

45.     This Court, therefore, has original jurisdiction over Plaintiff's claims by virtue of the Class Action Fairness Act 28 U.S.C. § 1332(d)(2).  This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441.

46.     In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have the opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant W.W. GRAINGER INC. removes the above-action to this Court.

DATED:  March 20, 2023

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: _____
Michael J. Nader
Elizabeth D. Rhodes

Attorneys for Defendant
W.W. GRAINGER, INC.

# EXHIBIT A

Electronically Filed
2/10/2023 1:18 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Emily Prom, Deputy

$435.00 FEE PD
$1000.00 FEE PD

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Pooja V. Patel, Esq. (SBN 317891)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Email: jlavi@lelawfirm.com
        vgranberry@lelawfirm.com
        ppatel@lelawfirm.com
        WHT1@lelawfirm.com

Attorneys for Plaintiff VERONICA RODRIGUEZ,
on behalf of herself and others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| VERONICA RODRIGUEZ, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> W.W. GRAINGER, INC.; and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No.: CV-23-000752 <br><br> **CLASS ACTION** <br><br> **PLAINTIFF VERONICA RODRIGUEZ'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:** <br><br> 1. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197** <br><br> 2. **FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME WORKED IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194** <br><br> 3. **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** <br><br> 4. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226** <br><br> 5. **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.** |

This case has been assigned to Judge Sandhu, Sonny S.

Department Dept. 24 for all purposes including Trial.

**DEMAND FOR JURY TRIAL**

     **COMES NOW** Plaintiff VERONICA RODRIGUEZ ("Plaintiff"), who alleges and complains against Defendants W.W. GRAINGER, INC.; and DOES 1 to 100, inclusive (collectively, "Defendants") as follows:

## I.    INTRODUCTION

    1.    This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage; overtime hours worked at the overtime rate of pay;  failure to pay overtime wages at the correct overtime rate; failure to provide meal breaks or pay meal break premium wages; failure to pay meal break premium wages at the correct rate of pay; statutory penalties for failure to provide accurate wage statements; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.    JURIDISCTION AND VENUE

    2.    This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage; overtime hours worked at the overtime rate of pay;  failure to pay overtime wages at the correct overtime rate; failure to provide meal breaks  or pay meal break premium wages; failure to pay meal break premium wages at the correct rate of pay; statutory penalties for failure to provide accurate wage statements; and claims for injunctive relief and restitution under California Business and Professions Code sections 17200, *et seq.*, for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and putative class members in locations throughout California, including but not limited to Stanislaus County, at 2710 Keystone Pacific Parkway, Patterson, CA 95363; more than two-thirds of putative class members are California citizens; the principal violations of California law occurred in California; no other class actions have been filed against Defendants in the last four (4) years alleging wage and hour violations; the conduct of Defendants forms a significant basis for Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek significant relief from Defendants.

## III.    PARTIES

3.     Plaintiff brings this action on behalf of herself and other members of the general public similarly situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

4.     Defendants employed Plaintiff as an hourly non-exempt employee from in or around June 2021 to present.

5.     Plaintiff is informed and believes and thereon alleges that Defendants employed her and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

6.     Plaintiff is informed and believes and thereon alleges that Defendant W.W. GRAINGER, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-50 are, and at all times relevant hereto were persons acting on behalf of Defendant W.W. GRAINGER, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant W.W. GRAINGER, INC. operates in Stanislaus County and employed Plaintiff and putative class members in Stanislaus County, including but not limited to, at 2710 Keystone Pacific Parkway, Patterson, CA 95363.

7.     Plaintiff is informed and believes and thereon alleges that Defendant DOES 51-100 are individuals unknown to Plaintiff. Each of the individual Defendant is sued individually in his or her capacity as an agent, shareholder, owner, representative, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

8.     Plaintiff is unaware of the true names of Defendant DOES 1-100. Plaintiff sues said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted

1   by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named

2   Defendants is in some manner responsible for the events and allegations set forth in this

3   Complaint.

4          9.      Plaintiff is informed and believes and thereon alleges that at all relevant times, each

5   Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

6   controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

7   predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

8   the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

9   of the other defendants so as to be liable for their conduct with respect to the matters alleged in

10  this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted

11  pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

12  Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled,

13  aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendant"

14  means "Defendants and each of them," and refers to the Defendant named in the particular cause

15  of action in which the word appears and includes Defendants W.W. GRAINGER, INC.; and

16  DOES 1 to 100, inclusive.

17         10.     At all times mentioned herein, each Defendant was the co-conspirator, agent,

18  servant, employee, and/or joint venturer of each of the other Defendants and was acting within the

19  course and scope of said conspiracy, agency, employment, and/or joint venture and with the

20  permission and consent of each of the other Defendants.

21         11.     Plaintiff makes the allegations in this Complaint without any admission that, as to

22  any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and

23  Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

24  **IV.    <u>DESCRIPTION OF ILLEGAL PAY PRACTICES</u>**

25         12.     Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order

26  ("Wage Order"), codified at California Code of Regulations, title 8, section 11010, Defendants are

27  employers of Plaintiff within the meaning of Wage Order 1 and applicable Labor Code sections.

28  Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of

herein in violation of the Wage Order and the Labor Code.

13.    **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

14.    Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

15.    Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) Requiring Plaintiff and similarly situated employees to line up to wait to undergo and undergo off-the-clock bag checks after clocking out for their meal breaks when leaving Defendants' premises for meal breaks and after clocking out for the end of their shift;

(b) During the COVID-19 pandemic, Plaintiff and similarly situated employees were required to line up to wait to undergo and undergo off-the-clock temperature checks prior to being permitted to clock in for the start of shift; and

(c) Since on or around November 10, 2022, Plaintiff and similarly situated employees are required to line up to wait to undergo and undergo off-the-clock security checks prior to clocking in for the start of their shift.

16.    Plaintiff and similarly situated employees were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked.

17.    Therefore, Defendants suffered, permitted, and required their hourly non-exempt employees to be subject to Defendants' control without paying wages for that time. This resulted

in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 1.

18. **Failure to pay wages for overtime hours worked at the overtime rate of pay**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered or permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

19. Labor Code sections 510 and 1194 and Wage Order 1 require an employer to compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work in a workweek:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Labor Code section 510; Wage Order 1, §3.

20. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to,

(a) Requiring Plaintiff and similarly situated employees to line up to wait to undergo and undergo off-the-clock bag checks after clocking out for their meal breaks when leaving Defendants' premises for meal breaks and after clocking out for the end of their shift;

(b) During the COVID-19 pandemic, Plaintiff and similarly situated employees were required to line up to wait to undergo and undergo off-the-clock temperature checks prior to being permitted to clock in for the start of shift; and

(c) Since on or around November 10, 2022, Plaintiff and similarly situated employees

are required to line up to wait to undergo and undergo off-the-clock security checks prior to clocking in for the start of their shift.

21.     Plaintiff and similarly situated employees were not paid for this time.

22.     To the extent the employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time which should have been paid at the legal overtime rate but was not paid any wages in violation of Labor Code sections 510, 1194, and Wage Order 1.

23.     Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

24.     In this case, Plaintiff alleges that when she and similarly situated employees earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as "achievement award" and "cash award," for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of calculating and paying overtime wages.

25.     Defendants' foregoing policy, practice, and/or procedure resulted in Defendants failing to pay Plaintiff and similarly situated employees at their overtime rate of pay for all overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

26.     **Failure to authorize or permit all legally required and compliant meal periods and/or failure to pay meal period premium wages:** Defendants often employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length.

27.     California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of

work and a second meal period no later than the employee's tenth hour of work. Labor Code section 512; Wage Order 1, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 1, §11.

28. Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to,

(a) Discouraging meal breaks by requiring Plaintiff and similarly situated employees to be subjected to line up to wait to undergo and undergo off-the-clock bag checks if/when leaving Defendants' premises for meal breaks.

29. Additionally, Defendants failed to pay Plaintiff and similarly situated employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

30. Finally, on occasions when Defendants paid Plaintiff and similarly situated

employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as "achievement award" and "cash award," for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying meal period premium wages.

31.    The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

32.    **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

33.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, and/ or meal period premium wages), in violation of Labor Code section 226.

## V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS

34.    Plaintiff brings this action on behalf of herself, on behalf of others similarly situated, and on behalf of the general public, and as members of a Class defined as follows:

A.    **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

B.    **Overtime Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages.

C.    **Regular Rate Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7) days in a workweek, who received additional remuneration during pay periods in which they were paid overtime wages, and whose compensation did not include such additional remuneration when Defendants calculated those employees' overtimes wages.

D.    **Meal Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

E.    **Meal Period Premium Wages Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who received additional remuneration during pay periods in which they were paid meal period premium wages and whose regular rate of pay did not include such additional remuneration when Defendants calculated those employees' meal period premium wages.

F.    **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

G.    **California Class**: All aforementioned classes are herein collectively referred to as the "California Class."

35.    There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.    **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

ii.    Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Overtime Class Members at the applicable overtime rate for working in excess of

eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iii.    Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Regular Rate Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iv.    Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Class Members without providing all compliant and/or required meal periods and/or paying meal period premium wages;

v.    Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Premium Wages Class Members without paying meal period premium wages at the proper rate;

vi.    Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statements at the time they received their itemized statements;

vii.    Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code sections 17200, *et seq.*;

viii.    Whether Class Members are entitled to unpaid wages, penalties, and other relief pursuant to their claims;

ix.    Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

x.    Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and as to Class Members as a whole.

C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime hours worked. Plaintiff and members of the Regular Rate Class sustained damages arising out of

Defendants' failure to pay overtime wages at the proper rate for overtime hours worked. Plaintiff and members of the Meal Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required meal periods and/or meal periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as compensation. Plaintiff and members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with Labor Code section 226.

D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.    **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references or by other means. Class actions provide the class members who are not named in the Complaint with a type of anonymity that allows for vindication of their rights.

## **FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

**WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(Against All Defendants by Plaintiff and the Minimum Wage Class)**

36.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

37.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class were hourly non-exempt employees of Defendants.

38.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

39.    Defendants' policies, practices, and/or procedures required Plaintiff and the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

40.    Defendants employed policies, practices, and/or procedures including, but not limited to,

(a) Requiring Plaintiff and the Minimum Wage Class to line up to wait to undergo and undergo off-the-clock bag checks after clocking out for their meal breaks when leaving Defendants' premises for meal breaks and after clocking out for the end of their shift;

(b) During the COVID-19 pandemic, Plaintiff and the Minimum Wage Class were required to line up to wait to undergo and undergo off-the-clock temperature checks prior to being permitted to clock in for the start of shift; and

(c) Since on or around November 10, 2022, Plaintiff and the Minimum Wage Class are required to line up to wait to undergo and undergo off-the-clock security checks prior to clocking in for the start of their shift.

41.    Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

42.    As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage

1  Class have suffered damages in an amount subject to proof, to the extent that they were not paid

2  wages at a minimum wage rate for all hours worked.

3       43.     Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum

4  Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in

5  the amount of their unpaid minimum wage, and attorneys' fees and costs.

6  **SECOND CAUSE OF ACTION**

7  **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE**

8  **SECTIONS 510 and 1194**

9  **(Against All Defendants by Plaintiff, the Overtime Class, and the Regular Rate Class)**

10       44.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

11       45.     At times relevant to this Complaint, Plaintiff, the Overtime Class, and the Regular

12  Rate Class were hourly non-exempt employees of Defendants, covered by Labor Code sections

13  510 and 1194 and the Wage Order 1.

14       46.     Pursuant to Labor Code sections 510 and 1194 and the Wage Order 1, hourly non-

15  exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of

16  eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a

17  workweek.

18       47.     Labor Code section 510, subdivision (a), states in relevant part:

19  Eight hours of labor constitutes a day's work. Any work in excess of eight hours in

20  one workday and any work in excess of 40 hours in any one workweek and the first

eight hours worked on the seventh day of work in any one workweek shall be

21  compensated at the rate of no less than one and one-half times the regular rate of

pay for an employee. Any work in excess of 12 hours in one day shall be

22  compensated at the rate of no less than twice the regular rate of pay for an

employee. In addition, any work in excess of eight hours on any seventh day of a

23  workweek shall be compensated at the rate of no less than twice the regular rate of

24  pay of an employee. Nothing in this section requires an employer to combine more

than one rate of overtime compensation in order to calculate the amount to be paid

25  to an employee for any hour of overtime work.

26       48.     Further, Labor Code section 1198 provides,

27  The maximum hours of work and the standard conditions of labor fixed by the

28  commission shall be the maximum hours of work and the standard conditions of

labor for employees. The employment of any employee for longer hours than those

**COMPLAINT**

**15**

fixed by the order or under conditions of labor prohibited by the order is unlawful.

49.    Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

50.    Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to,

(a)    Requiring Plaintiff and the Overtime Class to line up to wait to undergo and undergo off-the-clock bag checks after clocking out for their meal breaks when leaving Defendants' premises for meal breaks and after clocking out for the end of their shift;

(b) During the COVID-19 pandemic, Plaintiff and the Overtime Class were required to line up to wait to undergo and undergo off-the-clock temperature checks prior to being permitted to clock in for the start of shift; and

(c) Since on or around November 10, 2022, Plaintiff and the Overtime Class are required to line up to wait to undergo and undergo off-the-clock security checks prior to clocking in for the start of their shift.

51.    Plaintiff and the Overtime Class were not paid for this time.

52.    To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

53.    Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

54.    In this case, when Plaintiff and Regular Rate Class Members earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all

remuneration such as "achievement award" and "cash award" for example, when calculating Plaintiff's and Regular Rate Class Members' regular rate of pay for the purpose of calculating paying overtime wages.

55.    As a result of Defendants' unlawful conduct, Plaintiff, the Overtime Class, and the Regular Rate Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their proper overtime rate of pay for all hours worked which constitute overtime.

56.    Pursuant to Labor Code section 1194, Plaintiff, the Overtime Class, and the Regular Rate Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

**(Against All Defendants by Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class)**

57.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

58.    At all times relevant to this Complaint, Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and the Wage Order.

59.    California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code sections 226.7, 512; Wage Order 1, §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one

additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

60.    In this case, Plaintiff and the Meal Period Class worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to,

(a) Discouraging meal breaks by requiring Plaintiff and the Meal Period Class to be subjected to line up to wait to undergo and undergo off-the-clock bag checks if/when leaving Defendants' premises for meal breaks.

61.    Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Meal Period Class with premium wages when they did not receive all legally required and legally compliant meal periods.

62.    Finally, on occasions when Defendants paid Plaintiff and the Meal Period Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Meal Period Premium Wages Class' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as 'achievement award" and "cash award", for example, when calculating Plaintiff's and the Meal Period Premium Wages Class' regular rate of pay for the purpose of paying meal period premiums.

63.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class and such conduct has continued through the filing of this Complaint.

64.    Because Defendants failed to provide employees with meal periods in compliance

with the law, Defendants are liable to Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code section 226.7 and the Wage Order.

65.     Plaintiff, on behalf of herself, the Meal Period Class, and the Meal Period Premium Wages Class seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226

**(Against All Defendants by Plaintiff and the Wage Statement Class)**

66.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

67.     At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

68.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

69.     As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to her and the Wage Statement Class who were

subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, and/or meal period premium wages), in violation of Labor Code section 226.

70.     Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

71.     Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

72.     As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

73.     Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

74.     Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are

entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code section 226(a).

75.     Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage Statement Class are entitled to recover the full amount of penalties due under section 226(e), reasonable attorneys' fees, and costs of suit.

**FIFTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**(Against All Defendants by Plaintiff and the California Class)**

76.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

77.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. This unfair conduct includes Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages at the correct overtime rate; failure to  provide meal periods or pay meal break premium wages; failure to pay meal break premiums wages at the correct rate of pay; and failure to provide accurate wage and hour statements. Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay minimum wages for all hours worked; pay overtime wages at the correct overtime rate; failure to  provide meal periods or pay meal break premium wages; pay meal break premiums wages at the correct rate of pay ; and provide accurate wage and hour statements.

78.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and the

California Class have suffered injury in fact and lost money or property, as described in more detail above.

79.     Pursuant to Business and Professions Code section 17203, Plaintiff and the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF ON HER OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH, CAUSES OF ACTION:**

1.     That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.     That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3.     For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4.     For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

**ON THE FIRST CAUSE OF ACTION:**

1.     That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.     For damages, according to proof, including but not limited to unpaid wages;

3.     For any and all legally applicable penalties;

4.    For liquidated damages pursuant to Labor Code section 1194.2;

5.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

8.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1.    That Defendants be found to have violated the overtime provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

2.    For damages, according to proof, including but not limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194; and

6.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1.    That Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

2.    For damages, according to proof, including unpaid premium wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

5.    For such other further relief, in law and/or equity, as the Court deems just or

appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1.     That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable damages or penalties;

3.     For pre-judgment interest and post-judgment interest;

4.     For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code section 226, subdivision (a);

5.     For attorneys' fees and costs of suit, including but not limited to those recoverable under Labor Code section 226, subdivision (e); and

6.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FIFTH CAUSE OF ACTION:**

1.     That Defendants be found to have violated Business and Professions Code sections 17200, *et seq.*, for the conduct alleged herein as to the California Class;

2.     A declaratory judgment that the practices complained herein are unlawful;

3.     An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.     For restitution to the full extent permitted by law; and

5.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: February 10, 2022,                    Respectfully submitted,
                                             **LAVI & EBRAHIMIAN, LLP**

                                    By:      _____
                                             Joseph Lavi, Esq.
                                             Vincent C. Granberry, Esq.
                                             Pooja V. Patel, Esq.
                                             Attorneys for Plaintiff
                                             VERONICA RODRIGUEZ
                                             on behalf of herself and others similarly situated


## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff VERONICA RODRIGUEZ demands a trial by jury for herself and the California Class on all claims so triable.


Dated: February 10, 2022                     Respectfully submitted,
                                             **LAVI & EBRAHIMIAN, LLP**

                                    By:      _____
                                             Joseph Lavi, Esq.
                                             Vincent C. Granberry, Esq.
                                             Pooja V. Patel, Esq.
                                             Attorneys for Plaintiff
                                             VERONICA RODRIGUEZ
                                             on behalf of herself and others similarly situated

# EXHIBIT B



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Nicholas Eichenseer<br>W. W. Grainger, Inc.<br>100 Grainger Pkwy<br>Lake Forest, IL 60045-5202 |
| **Electronic copy provided to:** | John Howard<br>Susan Ebben<br>Kelley Richardson<br>Gia Simpson<br>Kailah Scott<br>Janet Scholz<br>Hank Galatz |

| | |
|---|---|
| **Entity:** | W.W. Grainger, Inc.<br>Entity ID Number  3850554 |
| **Entity Served:** | W.W. Grainger, Inc. |
| **Title of Action:** | Veronica Rodriguez vs. W.W. Grainger, Inc. |
| **Matter Name/ID:** | Veronica Rodriguez vs. W. W. Grainger, Inc. (13640608) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Stanislaus County Superior Court, CA |
| **Case/Reference No:** | CV-23-000752 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/16/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Lavi & Ebrahimian, LLP<br>310-432-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** W.W. GRAINGER, INC.; and DOES 1 to 100,
*(AVISO AL DEMANDADO):* inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** VERONICA RODRIGUEZ, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of herself and
others similarly situated

<table>
<tr><td>
*FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*

Electronically Filed<br>2/10/2023 1:18 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Emily Prom, Deputy
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanislaus County Superior Court- Civil Division<br>City Tower Building<br>801 10th Street, 4th Floor<br>Modesto, CA 95354 | CASE NUMBER:<br>*(Número del Caso):* CV-23-000752 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483)    T: (310) 432-0000    F: (310) 432-0001
Pooja V. Patel, Esq. (SBN 317891)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200, Beverly Hills, CA 90211

DATE:    2/10/2023 1:18 PM                                        Clerk, by _____Emily Prom_____, Deputy
*(Fecha)*                                                         *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **W.W. Grainger, Inc.**

    under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
              ☒ other *(specify)*: **form unknown**
4. ☒ by personal delivery on *(date)*:     2/16/2023

[SEAL]

| | | | |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal Solutions Plus | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

Electronically Filed
2/10/2023 1:18 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Emily Prom, Deputy

1  Joseph Lavi, Esq. (SBN 209776)
   Vincent C. Granberry, Esq. (SBN 276483)
2  Pooja V. Patel, Esq. (SBN 317891)
   **LAVI & EBRAHIMIAN, LLP**
3  8889 W. Olympic Boulevard, Suite 200
   Beverly Hills, California 90211
4  Telephone: (310) 432-0000
   Facsimile: (310) 432-0001
5  Email: jlavi@lelawfirm.com
          vgranberry@lelawfirm.com
6          ppatel@lelawfirm.com
          WHT1@lelawfirm.com
7
   Attorneys for Plaintiff VERONICA RODRIGUEZ,
8  on behalf of herself and others similarly situated

$435.00 FEE PD
$1000.00 FEE PD

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **FOR THE COUNTY OF STANISLAUS**

11                                              Case No.: CV-23-000752
   VERONICA RODRIGUEZ, on behalf of
12 herself and others similarly situated,       **CLASS ACTION**

13              Plaintiff,                       **PLAINTIFF VERONICA
                                                RODRIGUEZ'S COMPLAINT FOR
14      vs.                                      DAMAGES AND RESTITUTION FOR:**

15 W.W. GRAINGER, INC.; and DOES 1 to 100,      1.  **FAILURE TO PAY WAGES FOR
   inclusive,                                       ALL HOURS WORKED AT
16                                                  MINIMUM WAGE IN
                Defendants.                         VIOLATION OF LABOR CODE
17                                                  SECTIONS 1194 AND 1197**

18                                              2.  **FAILURE TO PAY OVERTIME
                                                    WAGES FOR DAILY
19                                                  OVERTIME WORKED IN
                                                    VIOLATION OF LABOR CODE
20                                                  SECTIONS 510 AND 1194**

21                                              3.  **FAILURE TO AUTHORIZE OR
                                                    PERMIT MEAL PERIODS IN
22                                                  VIOLATION OF LABOR CODE
                                                    SECTIONS 512 AND 226.7**
23
24                                             4.  **FAILURE TO PROVIDE
                                                    COMPLETE AND ACCURATE
25                                                  WAGE STATEMENTS IN
                                                    VIOLATION OF LABOR CODE
26                                                  SECTION 226**

   This case has been assigned to Judge Sandhu, Sonny S.
27                                             5.  **UNFAIR BUSINESS PRACTICES,
   Department Dept. 24 for all purposes including Trial.  IN VIOLATION OF BUSINESS
28                                                  AND PROFESSIONS CODE
                                                    SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff VERONICA RODRIGUEZ ("Plaintiff"), who alleges and complains against Defendants W.W. GRAINGER, INC.; and DOES 1 to 100, inclusive (collectively, "Defendants") as follows:

## I.    INTRODUCTION

1.    This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage; overtime hours worked at the overtime rate of pay; failure to pay overtime wages at the correct overtime rate; failure to provide meal breaks or pay meal break premium wages; failure to pay meal break premium wages at the correct rate of pay; statutory penalties for failure to provide accurate wage statements; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.    JURIDISCTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage; overtime hours worked at the overtime rate of pay; failure to pay overtime wages at the correct overtime rate; failure to provide meal breaks or pay meal break premium wages; failure to pay meal break premium wages at the correct rate of pay; statutory penalties for failure to provide accurate wage statements; and claims for injunctive relief and restitution under California Business and Professions Code sections 17200, *et seq.*, for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and putative class members in locations throughout California, including but not limited to Stanislaus County, at 2710 Keystone Pacific Parkway, Patterson, CA 95363; more than two-thirds of putative class members are California citizens; the principal violations of California law occurred in California; no other class actions have been filed against Defendants in the last four (4) years alleging wage and hour violations; the conduct of Defendants forms a significant basis for Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek significant relief from Defendants.

## III.    PARTIES

3.     Plaintiff brings this action on behalf of herself and other members of the general public similarly situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

4.     Defendants employed Plaintiff as an hourly non-exempt employee from in or around June 2021 to present.

5.     Plaintiff is informed and believes and thereon alleges that Defendants employed her and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

6.     Plaintiff is informed and believes and thereon alleges that Defendant W.W. GRAINGER, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-50 are, and at all times relevant hereto were persons acting on behalf of Defendant W.W. GRAINGER, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant W.W. GRAINGER, INC. operates in Stanislaus County and employed Plaintiff and putative class members in Stanislaus County, including but not limited to, at 2710 Keystone Pacific Parkway, Patterson, CA 95363.

7.     Plaintiff is informed and believes and thereon alleges that Defendant DOES 51-100 are individuals unknown to Plaintiff. Each of the individual Defendant is sued individually in his or her capacity as an agent, shareholder, owner, representative, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

8.     Plaintiff is unaware of the true names of Defendant DOES 1-100. Plaintiff sues said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted

1    by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named

2    Defendants is in some manner responsible for the events and allegations set forth in this

3    Complaint.

4          9.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each

5    Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

6    controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

7    predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

8    the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

9    of the other defendants so as to be liable for their conduct with respect to the matters alleged in

10   this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted

11   pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

12   Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled,

13   aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendant"

14   means "Defendants and each of them," and refers to the Defendant named in the particular cause

15   of action in which the word appears and includes Defendants W.W. GRAINGER, INC.; and

16   DOES 1 to 100, inclusive.

17         10.    At all times mentioned herein, each Defendant was the co-conspirator, agent,

18   servant, employee, and/or joint venturer of each of the other Defendants and was acting within the

19   course and scope of said conspiracy, agency, employment, and/or joint venture and with the

20   permission and consent of each of the other Defendants.

21         11.    Plaintiff makes the allegations in this Complaint without any admission that, as to

22   any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and

23   Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

24   IV.   **DESCRIPTION OF ILLEGAL PAY PRACTICES**

25         12.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order

26   ("Wage Order"), codified at California Code of Regulations, title 8, section 11010, Defendants are

27   employers of Plaintiff within the meaning of Wage Order 1 and applicable Labor Code sections.

28   Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of

1   herein in violation of the Wage Order and the Labor Code.

2      13.   **Failure to pay wages for all hours worked at the legal minimum wage**:

3   Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

4   employees. In California, an employer is required to pay hourly employees for all "hours worked,"

5   which includes all time that an employee is under the control of the employer and all time the

6   employee is suffered and permitted to work. This includes the time an employee spends, either

7   directly or indirectly, performing services which inure to the benefit of the employer.

8      14.   Labor Code sections 1194 and 1197 require an employer to compensate employees

9   for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the

10   Wage Orders.

11      15.   Plaintiff and similarly situated hourly non-exempt employees worked more minutes

12   per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and

13   similarly situated employees all wages at the applicable minimum wage for all hours worked due

14   to Defendants' policies, practices, and/or procedures including, but not limited to:

15      (a) Requiring Plaintiff and similarly situated employees to line up to wait to undergo

16   and undergo off-the-clock bag checks after clocking out for their meal breaks when leaving

17   Defendants' premises for meal breaks and after clocking out for the end of their shift;

18      (b) During the COVID-19 pandemic, Plaintiff and similarly situated employees were

19   required to line up to wait to undergo and undergo off-the-clock temperature checks prior to

20   being permitted to clock in for the start of shift; and

21      (c) Since on or around November 10, 2022, Plaintiff and similarly situated employees

22   are required to line up to wait to undergo and undergo off-the-clock security checks prior to

23   clocking in for the start of their shift.

24      16.   Plaintiff and similarly situated employees were not paid for this time resulting in

25   Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated

26   employees worked.

27      17.   Therefore, Defendants suffered, permitted, and required their hourly non-exempt

28   employees to be subject to Defendants' control without paying wages for that time. This resulted

1    in Plaintiff and similarly situated employees working time for which they were not compensated

2    any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 1.

3        18.    **Failure to pay wages for overtime hours worked at the overtime rate of pay**:

4    Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

5    employees. In California, an employer is required to pay hourly employees for all "hours worked,"

6    which includes all time that an employee is under the control of the employer and all time the

7    employee is suffered or permitted to work. This includes the time an employee spends, either

8    directly or indirectly, performing services which inure to the benefit of the employer.

9        19.    Labor Code sections 510 and 1194 and Wage Order 1 require an employer to

10   compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a

11   workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work

12   in a workweek:

13           Any work in excess of eight hours in one workday and any work in excess of 40
             hours in any one workweek and the first eight hours worked on the seventh day of
14           work in any one workweek shall be compensated at the rate of no less than one and
             one-half times the regular rate of pay for an employee. Any work in excess of 12
15           hours in one day shall be compensated at the rate of no less than twice the regular
             rate of pay for an employee. In addition, any work in excess of eight hours on any
16           seventh day of a workweek shall be compensated at the rate of no less than twice
             the regular rate of pay of an employee.
17

18   Labor Code section 510; Wage Order 1, §3.

19       20.    Defendants failed to pay Plaintiff and similarly situated employees all wages at the

20   applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or

21   procedures including, but not limited to,

22           (a) Requiring Plaintiff and similarly situated employees to line up to wait to undergo

23   and undergo off-the-clock bag checks after clocking out for their meal breaks when leaving

24   Defendants' premises for meal breaks and after clocking out for the end of their shift;

25           (b) During the COVID-19 pandemic, Plaintiff and similarly situated employees were

26   required to line up to wait to undergo and undergo off-the-clock temperature checks prior to

27   being permitted to clock in for the start of shift; and

28           (c) Since on or around November 10, 2022, Plaintiff and similarly situated employees

1    are required to line up to wait to undergo and undergo off-the-clock security checks prior to

2    clocking in for the start of their shift.

3        21.    Plaintiff and similarly situated employees were not paid for this time.

4        22.    To the extent the employees had already worked 8 hours in the day and on

5    workweeks they had already worked 40 hours in a workweek, the employees should have been

6    paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time

7    which should have been paid at the legal overtime rate but was not paid any wages in violation of

8    Labor Code sections 510, 1194, and Wage Order 1.

9        23.    Overtime is based upon an employee's regular rate of pay. "The regular rate at

10   which an employee is employed shall be deemed to include all remuneration for employment paid

11   to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement -- Enforcement

12   Policies and Interpretations Manual, Section 49.1.2.

13       24.    In this case, Plaintiff alleges that when she and similarly situated employees earned

14   overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay

15   due to Defendants' failure to include all remuneration when calculating the overtime rate of pay.

16   Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all

17   remuneration such as "achievement award" and "cash award," for example, when calculating

18   Plaintiff's and similarly situated employees' regular rate of pay for the purpose of calculating and

19   paying overtime wages.

20       25.    Defendants' foregoing policy, practice, and/or procedure resulted in Defendants

21   failing to pay Plaintiff and similarly situated employees at their overtime rate of pay for all

22   overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

23       26.    **Failure to authorize or permit all legally required and compliant meal periods**

24   **and/or failure to pay meal period premium wages:** Defendants often employed hourly non-

25   exempt employees, including the named Plaintiff and similarly situated employees, for shifts

26   longer than five (5) hours in length and shifts longer than ten (10) hours in length.

27       27.    California law requires an employer to authorize or permit an uninterrupted meal

28   period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of

work and a second meal period no later than the employee's tenth hour of work. Labor Code section 512; Wage Order 1, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 1, §11.

28. Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to,

(a) Discouraging meal breaks by requiring Plaintiff and similarly situated employees to be subjected to line up to wait to undergo and undergo off-the-clock bag checks if/when leaving Defendants' premises for meal breaks.

29. Additionally, Defendants failed to pay Plaintiff and similarly situated employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

30. Finally, on occasions when Defendants paid Plaintiff and similarly situated

employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as "achievement award" and "cash award," for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying meal period premium wages.

31.     The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

32.     **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

33.     As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, and/ or meal period premium wages), in violation of Labor Code section 226.

1    **V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS**

2    34.    Plaintiff brings this action on behalf of herself, on behalf of others similarly

3    situated, and on behalf of the general public, and as members of a Class defined as follows:

4    A.    **Minimum Wage Class:** All current and former hourly non-exempt

5    employees employed by Defendants as direct employees as well as temporary employees

6    employed through temp agencies in California at any time from four (4) years prior to the filing of

7    the initial Complaint in this matter through the date notice is mailed to a certified class who were

8    not paid at least minimum wage for all time they were subject to Defendants' control.

9    B.    **Overtime Class:** All current and former hourly non-exempt employees

10    employed by Defendants as direct employees as well as temporary employees employed through

11    temp agencies in California at any time from four (4) years prior to the filing of the initial

12    Complaint in this matter through the date notice is mailed to a certified class who worked more

13    than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a

14    workweek, to whom Defendants did not pay overtime wages.

15    C.    **Regular Rate Class:** All current and former hourly non-exempt employees

16    employed by Defendants as direct employees as well as temporary employees employed through

17    temp agencies in California at any time from four (4) years prior to the filing of the initial

18    Complaint in this matter through the date notice is mailed to a certified class who worked more

19    than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7)

20    days in a workweek, who received additional remuneration during pay periods in which they were

21    paid overtime wages, and whose compensation did not include such additional remuneration when

22    Defendants calculated those employees' overtimes wages.

23    D.    **Meal Period Class:** All current and former hourly non-exempt employees

24    employed by Defendants as direct employees as well as temporary employees employed through

25    temp agencies in California at any time from four (4) years prior to the filing of the initial

26    Complaint in this matter through the date notice is mailed to a certified class who worked shifts

27    more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal

28    periods of not less than thirty (30) minutes.

1           **E.**    **Meal Period Premium Wages Class**: All current and former hourly non-

2    exempt employees employed by Defendants as direct employees as well as temporary employees

3    employed through temp agencies in California at any time from four (4) years prior to the filing of

4    the initial Complaint in this matter through the date notice is mailed to a certified class who

5    received additional remuneration during pay periods in which they were paid meal period

6    premium wages and whose regular rate of pay did not include such additional remuneration when

7    Defendants calculated those employees' meal period premium wages.

8           **F.**    **Wage Statement Class**: All current and former hourly non-exempt

9    employees employed by Defendants as direct employees as well as temporary employees

10   employed through temp agencies in California at any time from one (1) year prior to the filing of

11   the initial Complaint in this action through the date notice is mailed to a certified class who

12   received inaccurate or incomplete wage and hour statements.

13          **G.**    **California Class**: All aforementioned classes are herein collectively

14   referred to as the "California Class."

15       35.    There is a well-defined community of interest in the litigation and the classes are

16   ascertainable:

17          **A.**    **Numerosity**: While the exact number of class members in each class is

18   unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder

19   of all members is impractical under the circumstances of this case.

20          **B.**    **Common Questions Predominate**: Common questions of law and fact

21   exist as to all members of the Plaintiff classes and predominate over any questions that affect only

22   individual members of each class. The common questions of law and fact include, but are not

23   limited to:

24          i.    Whether Defendants violated Labor Code sections 1194 and 1197

25   by not paying wages at the minimum wage rate for all time that the Minimum Wage Class

26   Members were subject to Defendants' control;

27          ii.    Whether Defendants violated Labor Code sections 510 and 1194 by

28   not paying the Overtime Class Members at the applicable overtime rate for working in excess of

**COMPLAINT**

11

1   eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in

2   a workweek;

3                      iii.     Whether Defendants violated Labor Code sections 510 and 1194 by

4   not paying the Regular Rate Class Members at the applicable overtime rate for working in excess

5   of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days

6   in a workweek;

7                      iv.     Whether Defendants violated Labor Code sections 512 and 226.7, as

8   well as the applicable Wage Order, by employing the Meal Period Class Members without

9   providing all compliant and/or required meal periods and/or paying meal period premium wages;

10                     v.      Whether Defendants violated Labor Code sections 512 and 226.7, as

11  well as the applicable Wage Order, by employing the Meal Period Premium Wages Class

12  Members without paying meal period premium wages at the proper rate;

13                     vi.     Whether Defendants failed to provide the Wage Statement Class

14  Members with accurate itemized statements at the time they received their itemized statements;

15                     vii.    Whether Defendants committed unlawful business acts or practice

16  within the meaning of Business and Professions Code sections 17200, *et seq.*;

17                     viii.   Whether Class Members are entitled to unpaid wages, penalties, and

18  other relief pursuant to their claims;

19                     ix.     Whether, as a consequence of Defendants' unlawful conduct, the

20  Class Members are entitled to restitution, and/or equitable relief; and

21                     x.      Whether Defendants' affirmative defenses, if any, raise any common

22  issues of law or fact as to Plaintiff and as to Class Members as a whole.

23          C.      **Typicality**: Plaintiff's claims are typical of the claims of the class members

24  in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages

25  arising out of Defendants' failure to pay wages at least at minimum wage for all time the

26  employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage

27  Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime

28  hours worked. Plaintiff and members of the Regular Rate Class sustained damages arising out of

1    Defendants' failure to pay overtime wages at the proper rate for overtime hours worked. Plaintiff

2    and members of the Meal Period Class sustained damages arising out of Defendants' failure to

3    provide non-exempt employees with all required meal periods and/or meal periods that were duty-

4    free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as

5    compensation. Plaintiff and members of the Wage Statement Class sustained damages arising out

6    of Defendants' failure to furnish them with accurate itemized wage statements in compliance with

7    Labor Code section 226.

8            D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect

9    the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of

10   the other class members.

11           E.    **Superiority**: A class action is superior to other available means for the fair

12   and efficient adjudication of this controversy. Because individual joinder of all members of each

13   class is impractical, class action treatment will permit a large number of similarly situated persons

14   to prosecute their common claims in a single forum simultaneously, efficiently, and without the

15   unnecessary duplication of effort and expense that numerous individual actions would engender.

16   The expenses and burdens of individual litigation would make it difficult or impossible for

17   individual members of each class to redress the wrongs done to them, while important public

18   interests will be served by addressing the matter as a class action. The cost to and burden on the

19   court system of adjudication of individualized litigation would be substantial, and substantially

20   more than the costs and burdens of a class action. Individualized litigation would also present the

21   potential for inconsistent or contradictory judgments.

22           F.    **Public Policy Consideration**: Employers throughout the state violate wage

23   and hour laws. Current employees often are afraid to assert their rights out of fear of direct or

24   indirect retaliation. Former employees fear bringing actions because they perceive their former

25   employers can blacklist them in their future endeavors with negative references or by other means.

26   Class actions provide the class members who are not named in the Complaint with a type of

27   anonymity that allows for vindication of their rights.

28                               **FIRST CAUSE OF ACTION**

---

**FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

**WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(Against All Defendants by Plaintiff and the Minimum Wage Class)**

36.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

37.     At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class were hourly non-exempt employees of Defendants.

38.     Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

39.     Defendants' policies, practices, and/or procedures required Plaintiff and the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

40.     Defendants employed policies, practices, and/or procedures including, but not limited to,

(a) Requiring Plaintiff and the Minimum Wage Class to line up to wait to undergo and undergo off-the-clock bag checks after clocking out for their meal breaks when leaving Defendants' premises for meal breaks and after clocking out for the end of their shift;

(b) During the COVID-19 pandemic, Plaintiff and the Minimum Wage Class were required to line up to wait to undergo and undergo off-the-clock temperature checks prior to being permitted to clock in for the start of shift; and

(c) Since on or around November 10, 2022, Plaintiff and the Minimum Wage Class are required to line up to wait to undergo and undergo off-the-clock security checks prior to clocking in for the start of their shift.

41.     Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

42.     As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage

1   Class have suffered damages in an amount subject to proof, to the extent that they were not paid

2   wages at a minimum wage rate for all hours worked.

3        43.    Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum

4   Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in

5   the amount of their unpaid minimum wage, and attorneys' fees and costs.

6                          **SECOND CAUSE OF ACTION**

7        **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE**

8                              **SECTIONS 510 and 1194**

9        **(Against All Defendants by Plaintiff, the Overtime Class, and the Regular Rate Class)**

10       44.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

11       45.    At times relevant to this Complaint, Plaintiff, the Overtime Class, and the Regular

12  Rate Class were hourly non-exempt employees of Defendants, covered by Labor Code sections

13  510 and 1194 and the Wage Order 1.

14       46.    Pursuant to Labor Code sections 510 and 1194 and the Wage Order 1, hourly non-

15  exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of

16  eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a

17  workweek.

18       47.    Labor Code section 510, subdivision (a), states in relevant part:

19  Eight hours of labor constitutes a day's work. Any work in excess of eight hours in
20  one workday and any work in excess of 40 hours in any one workweek and the first
    eight hours worked on the seventh day of work in any one workweek shall be
21  compensated at the rate of no less than one and one-half times the regular rate of
    pay for an employee. Any work in excess of 12 hours in one day shall be
22  compensated at the rate of no less than twice the regular rate of pay for an
    employee. In addition, any work in excess of eight hours on any seventh day of a
23  workweek shall be compensated at the rate of no less than twice the regular rate of
    pay of an employee. Nothing in this section requires an employer to combine more
24  than one rate of overtime compensation in order to calculate the amount to be paid
    to an employee for any hour of overtime work.
25

26       48.    Further, Labor Code section 1198 provides,

27  The maximum hours of work and the standard conditions of labor fixed by the
28  commission shall be the maximum hours of work and the standard conditions of
    labor for employees. The employment of any employee for longer hours than those

fixed by the order or under conditions of labor prohibited by the order is unlawful.

49.    Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

50.    Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to,

(a) Requiring Plaintiff and the Overtime Class to line up to wait to undergo and undergo off-the-clock bag checks after clocking out for their meal breaks when leaving Defendants' premises for meal breaks and after clocking out for the end of their shift;

(b) During the COVID-19 pandemic, Plaintiff and the Overtime Class were required to line up to wait to undergo and undergo off-the-clock temperature checks prior to being permitted to clock in for the start of shift; and

(c) Since on or around November 10, 2022, Plaintiff and the Overtime Class are required to line up to wait to undergo and undergo off-the-clock security checks prior to clocking in for the start of their shift.

51.    Plaintiff and the Overtime Class were not paid for this time.

52.    To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

53.    Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

54.    In this case, when Plaintiff and Regular Rate Class Members earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all

1  remuneration such as "achievement award" and "cash award" for example, when calculating

2  Plaintiff's and Regular Rate Class Members' regular rate of pay for the purpose of calculating

3  paying overtime wages.

4      55.    As a result of Defendants' unlawful conduct, Plaintiff, the Overtime Class, and the

5  Regular Rate Class have suffered damages in an amount subject to proof, to the extent that they

6  were not paid at their proper overtime rate of pay for all hours worked which constitute overtime.

7      56.    Pursuant to Labor Code section 1194, Plaintiff, the Overtime Class, and the

8  Regular Rate Class are entitled to recover the full amount of their unpaid overtime wages,

9  prejudgment interest, and attorneys' fees and costs.

10                          **THIRD CAUSE OF ACTION**

11  **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR**

12                       **CODE SECTIONS 512 AND 226.7**

13  **(Against All Defendants by Plaintiff, the Meal Period Class, and the Meal Period Premium**

14                              **Wages Class)**

15      57.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

16      58.    At all times relevant to this Complaint, Plaintiff, the Meal Period Class, and the

17  Meal Period Premium Wages Class were hourly non-exempt employees of Defendants, covered

18  by Labor Code sections 512 and 226.7 and the Wage Order.

19      59.    California law requires an employer to authorize or permit an employee an

20  uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of

21  all duties and the employer relinquishes control over the employee's activities no later than the

22  end of the employee's fifth hour of work and a second meal period no later than the employee's

23  tenth hour of work. Labor Code sections 226.7, 512; Wage Order 1, §11; *Brinker Rest. Corp. v.*

24  *Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at

25  the work site or facility during the meal period, the meal period must be paid. This is true even

26  where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v.*

27  *Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee

28  does not receive a required meal or rest period that "the employer shall pay the employee one

1    additional hour of pay at the employee's regular rate of compensation for each work day that the

2    meal or rest period is not provided."

3        60.    In this case, Plaintiff and the Meal Period Class worked shifts long enough to

4    entitle them to meal periods under California law. Nevertheless, Defendants employed policies,

5    practices, and/or procedures that resulted in their failure to authorize or permit meal periods to

6    Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of

7    work as required by law. Such policies, practices, and/or procedures included, but were not limited

8    to,

9        (a) Discouraging meal breaks by requiring Plaintiff and the Meal Period Class to be

10    subjected to line up to wait to undergo and undergo off-the-clock bag checks if/when leaving

11    Defendants' premises for meal breaks.

12        61.    Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1)

13    hour of pay at their regular rate of pay for each workday they did not receive all legally required

14    and legally compliant meal periods. Defendants lacked a policy and procedure for compensating

15    Plaintiff and the Meal Period Class with premium wages when they did not receive all legally

16    required and legally compliant meal periods.

17        62.    Finally, on occasions when Defendants paid Plaintiff and the Meal Period Premium

18    Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted

19    meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the

20    Meal Period Premium Wages Class' regular rate of compensation. Specifically, Defendants

21    maintained a policy, practice, and/or procedure of failing to include all remuneration such as

22    'achievement award" and "cash award", for example, when calculating Plaintiff's and the Meal

23    Period Premium Wages Class' regular rate of pay for the purpose of paying meal period

24    premiums.

25        63.    Defendants' unlawful conduct alleged herein occurred in the course of

26    employment of Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class and

27    such conduct has continued through the filing of this Complaint.

28        64.    Because Defendants failed to provide employees with meal periods in compliance

with the law, Defendants are liable to Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code section 226.7 and the Wage Order.

65.     Plaintiff, on behalf of herself, the Meal Period Class, and the Meal Period Premium Wages Class seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN**

**VIOLATION OF LABOR CODE SECTION 226**

**(Against All Defendants by Plaintiff and the Wage Statement Class)**

66.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

67.     At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

68.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

69.     As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to her and the Wage Statement Class who were

**COMPLAINT**

19

1    subject to Defendants' control for uncompensated time and who did not receive all their earned

2    wages (including minimum wages, overtime wages, and/or meal period premium wages), in

3    violation of Labor Code section 226.

4         70.    Defendants provided Plaintiff and the Wage Statement Class with itemized

5    statements which stated inaccurate information including, but not limited to, the number of hours

6    worked, the gross wages earned, and the net wages earned.

7         71.    Defendants' failure to provide Plaintiff and the Wage Statement Class with

8    accurate wage statements was knowing and intentional. Defendants had the ability to provide

9    Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided

10   wage statements they knew were not accurate. Defendants knowingly and intentionally put in

11   place practices which deprived employees of wages and resulted in Defendants knowingly and

12   intentionally providing inaccurate wage statements. These practices included Defendants' failure

13   to include all hours worked and all wages due.

14        72.    As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement

15   Class have suffered injury. The absence of accurate information on their wage statements has

16   prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and

17   mathematical computations to determine the amount of wages owed, and will cause difficulty and

18   expense in attempting to reconstruct time and pay records. Defendants' conduct led to the

19   submission of inaccurate information about wages and amounts deducted from wages to state and

20   federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to

21   participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage

22   Statement Class from having to reconstruct time and pay records than if Defendants had complied

23   with their legal obligations.

24        73.    Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are

25   entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226

26   violation occurred and one hundred dollars per employee per violation for each subsequent pay

27   period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

28        74.    Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are

1    entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code

2    section 226(a). Injunctive relief is warranted because Defendants continue to provide currently

3    employed Wage Statement Class members with inaccurate wage statements in violation of Labor

4    Code section 226(a) and currently employed Wage Statement Class members have no adequate

5    legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing

6    unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants'

7    compliance with Labor Code section 226(a).

8        75.    Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage

9    Statement Class are entitled to recover the full amount of penalties due under section 226(e),

10   reasonable attorneys' fees, and costs of suit.

11                          **FIFTH CAUSE OF ACTION**

12   **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS**

13                    **CODE SECTIONS 17200, ET SEQ.**

14            **(Against All Defendants by Plaintiff and the California Class)**

15       76.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

16       77.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

17   within the meaning of Business and Professions Code section 17200. This unfair conduct includes

18   Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay

19   employees at least at the minimum wage rate for all hours which they worked; failure to pay

20   overtime wages at the correct overtime rate; failure to provide meal periods or pay meal break

21   premium wages; failure to pay meal break premiums wages at the correct rate of pay; and failure

22   to provide accurate wage and hour statements. Due to their unfair and unlawful business practices

23   in violation of the Labor Code, Defendants have gained a competitive advantage over other

24   comparable companies doing business in the State of California that comply with their obligations

25   to pay minimum wages for all hours worked; pay overtime wages at the correct overtime rate;

26   failure to provide meal periods or pay meal break premium wages; pay meal break premiums

27   wages at the correct rate of pay ; and provide accurate wage and hour statements.

28       78.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the

1  California Class have suffered injury in fact and lost money or property, as described in more
2  detail above.

3      79.    Pursuant to Business and Professions Code section 17203, Plaintiff and the
4  California Class are entitled to restitution of all wages and other monies rightfully belonging to
5  them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair
6  business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California
7  Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in
8  each of the unlawful policies, practices, and/or procedures set forth herein.

9                                  **PRAYER FOR RELIEF**

10     **WHEREFORE, PLAINTIFF ON HER OWN BEHALF AND ON BEHALF OF**
11  **THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

12     **ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH, CAUSES OF**
13  **ACTION:**

14     1.    That the Court determine that this action may be maintained as a class action (for
15  the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of
16  Civil Procedure section 382 and any other applicable law;

17     2.    That the named Plaintiff be designated as a class representative for the California
18  Class (and all sub-classes thereof);

19     3.    For a declaratory judgment that the policies, practices, and/or procedures
20  complained herein are unlawful; and

21     4.    For an injunction against Defendants enjoining them, and any and all persons
22  acting in concert with them, from engaging in each of the unlawful policies, practices, and/or
23  procedures set forth herein.

24                          **ON THE FIRST CAUSE OF ACTION:**

25     1.    That Defendants be found to have violated the minimum wage provisions of the
26  Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

27     2.    For damages, according to proof, including but not limited to unpaid wages;

28     3.    For any and all legally applicable penalties;

1    4.    For liquidated damages pursuant to Labor Code section 1194.2;

2    5.    For pre-judgment interest, including but not limited to that recoverable under Labor

3    Code section 1194, and post-judgment interest;

4    6.    For attorneys' fees and costs of suit, including but not limited to that recoverable

5    under Labor Code section 1194;

6    7.    For pre-judgment interest, including but not limited to that recoverable under Labor

7    Code section 218.6, and post-judgment interest; and

8    8.    For such other further relief, in law and/or equity, as the Court deems just or

9    appropriate.

10                          **ON THE SECOND CAUSE OF ACTION:**

11    1.    That Defendants be found to have violated the overtime provisions of the Labor

12    Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

13    2.    For damages, according to proof, including but not limited to unpaid wages;

14    3.    For any and all legally applicable penalties;

15    4.    For pre-judgment interest, including but not limited to that recoverable under Labor

16    Code section 1194, and post-judgment interest;

17    5.    For attorneys' fees and costs of suit, including but not limited to that recoverable

18    under Labor Code section 1194; and

19    6.    For such other further relief, in law and/or equity, as the Court deems just or

20    appropriate.

21                          **ON THE THIRD CAUSE OF ACTION:**

22    1.    That Defendants be found to have violated the meal period provisions of the Labor

23    Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

24    2.    For damages, according to proof, including unpaid premium wages;

25    3.    For any and all legally applicable penalties;

26    4.    For pre-judgment interest, including but not limited to that recoverable under Labor

27    Code section 218.6, and post-judgment interest; and

28    5.    For such other further relief, in law and/or equity, as the Court deems just or

1    appropriate.

2    **ON THE FOURTH CAUSE OF ACTION:**

3    1.    That Defendants be found to have violated the provisions of the Labor Code

4    regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

5    2.    For damages and/or penalties, according to proof, including damages and/or

6    statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable

7    damages or penalties;

8    3.    For pre-judgment interest and post-judgment interest;

9    4.    For an injunction against Defendants enjoining them, and any and all persons

10    acting in concert with them, from engaging in violations of Labor Code section 226, subdivision

11    (a);

12    5.    For attorneys' fees and costs of suit, including but not limited to those recoverable

13    under Labor Code section 226, subdivision (e); and

14    6.    For such other further relief, in law and/or equity, as the Court deems just or

15    appropriate.

16    **ON THE FIFTH CAUSE OF ACTION:**

17    1.    That Defendants be found to have violated Business and Professions Code sections

18    17200, *et seq.*, for the conduct alleged herein as to the California Class;

19    2.    A declaratory judgment that the practices complained herein are unlawful;

20    3.    An injunction against Defendants enjoining them, and any and all persons acting in

21    concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

22    herein;

23    4.    For restitution to the full extent permitted by law; and

24    5.    For such other further relief, in law and/or equity, as the Court deems just or

25    appropriate.

26    //

27    //

28    //

---

**COMPLAINT**

24

Dated: February 10, 2022,                      Respectfully submitted,
                                               **LAVI & EBRAHIMIAN, LLP**

                                               *Vincent C. Granberry*

                                    By:        _____
                                               Joseph Lavi, Esq.
                                               Vincent C. Granberry, Esq.
                                               Pooja V. Patel, Esq.
                                               Attorneys for Plaintiff
                                               VERONICA RODRIGUEZ
                                               on behalf of herself and others similarly situated


## DEMAND FOR JURY TRIAL

Plaintiff VERONICA RODRIGUEZ demands a trial by jury for herself and the California Class on all claims so triable.


Dated: February 10, 2022                       Respectfully submitted,
                                               **LAVI & EBRAHIMIAN, LLP**

                                               *Vincent C. Granberry*

                                    By:        _____
                                               Joseph Lavi, Esq.
                                               Vincent C. Granberry, Esq.
                                               Pooja V. Patel, Esq.
                                               Attorneys for Plaintiff
                                               VERONICA RODRIGUEZ
                                               on behalf of herself and others similarly situated

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483)<br>Pooja V. Patel, Esq. (SBN 317891)<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd., Suite 200<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: (310) 432-00000   FAX NO.: (310) 432-0001<br>ATTORNEY FOR *(Name):* PLAINTIFF Veronica Rodriguez | Electronically Filed<br>2/10/2023 1:18 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Emily Prom, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: City Towers Building, 801 10th Street, 4th Floor
MAILING ADDRESS: City Towers Building, 801 10th Street, 4th Floor
CITY AND ZIP CODE: Modesto, California 95354
BRANCH NAME: Civil Division

CASE NAME: Rodriguez v. W.W. Grainger, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CV-23-000752 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 10, 2023

Vincent C. Granberry, Esq.
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
℠ Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case—Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief from Late Claim
 Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | *FOR COURT USE ONLY* |
|---|---|
| **COURT GENERATED**<br>Attorney for: | **FILED**<br>FEB 1 0 2023<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br>BY _____ DEPUTY |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**<br>Street Address:    City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk's Office:  801 10th Street, 4th Floor, Modesto, CA  95354 | |
| Plaintiff/Petitioner: VERONICA RODRIGUEZ<br>Defendant/Respondent:  W.W GRAINGER INC | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**CV-23-000752** |

1.  NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Date: JUNE 12, 2023  Time:  8:30  AM

This case is assigned to Judge SONNY S. SANDHU , Dept  24  , for all purposes, including trial.

*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354
**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

..................................................................................................................................
**You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you.  You must also serve a copy of your written response on the plaintiff.**

2.  You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days before the case management** conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.  At the case management conference the Court may make pretrial orders, including the following:

    a.  An order establishing a discovery schedule.

    b.  An order referring the case to arbitration.

    c.  An order dismissing fictitious defendants.

    d.  An order scheduling exchange of expert witness information.

    e.  An order setting subsequent conferences and the trial date.

    f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:  FEB 1 0 2023     by *Emily* _____ Deputy Clerk

Mandatory Form                      **EMILY PROM**

| **--SANCTIONS--** |
|---|
| If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). |

CV003                                                                                                  11/10

## Rule 3.110 of the California Rules of Court.

## Time for Service of Complaint, Cross-Complaint, and Response

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint] The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint] A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings] The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time] The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed. The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve] If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default] If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment] When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause] Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF STANISLAUS**
801 10th Street 4th Floor
Modesto, CA 95354
ADR clerk: (209) 530-3100
www.stanct.org

# Alternative Dispute Resolution Information Packet

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Stanislaus, strongly encourages parties in general civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called "neutrals", resolve disputes or help parties resolve disputes themselves. The types of ADR options available are:

- Arbitration
- Mediation
- Neutral Evaluation

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, Stanislaus County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

- ➢ **ADR can save time (FASTER).** Even in complex cases, a dispute can often be resolved in a matter of months, even weeks through ADR, while a lawsuit can take years.
- ➢ **ADR can save money (CHEAPER).** By resolving cases earlier, ADR can save parties money that might otherwise be spent on litigation costs (court, attorney and expert witness fees).
- ➢ **ADR encourages participation.** Parties have the opportunity to work together, rather than against each other by expressing their own interest and concerns to resolve the dispute.
- ➢ **ADR provides control and flexibility.** Parties can choose the ADR method most appropriate for their situation that will best serve their needs.
- ➢ **ADR can provide greater satisfaction and improved outcomes.** Surveys indicate that people who have used ADR are more satisfied than people who went through traditional litigation. The ADR atmosphere encourages cooperation and communication rather than the adversarial atmosphere found in litigation.

**ADR may not be suitable for every dispute and may not be to your advantage.**

- ➢ The neutral will charge a fee for their services if the dispute is not resolved within the allotted time.
- ➢ Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in the ADR process.
- ➢ If a dispute is not resolved through ADR, the parties may still have to put time and money into a lawsuit.

**What are my ADR Options?**

Stanislaus County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas. It is the policy of the Superior Court of California that all parties are required to meet-and-confer with the opposing side before the Case Management Conference pursuant to rule 3.724 of the California Rules of Court.

### ❖ ARBITRATION

In arbitration, a neutral person called an "arbitrator" presides at the hearing. The arbitrator hears arguments, makes legal rulings, and evaluates the evidence determining the facts from each side. The arbitrator applies the law to the facts of each case and makes an award based upon the merits. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with the California statutes. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. These hearings are not held in court.

1. *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's final decision. Generally, there is no right to appeal an arbitrator's decision.
2. *Non-Binding arbitration* means that the parties are free to request a trial with the court if they do not accept the arbitrator's decision.

**Cases for which Arbitration may be appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial. It may also be appropriate for complex matters.

**Operation/Court Policy.** Pursuant to Code of Civil Procedures § 1141.11, all civil actions in which the amount in controversy will not exceed $50,000 shall be submitted to arbitration. A case is ordered to arbitration after the Case Management Conference. The neutral is chosen from the Courts approved panel, located on our website at www.stanct.org.

**Cost.** There is no cost to the parties for judicial arbitration. [Local Rule 3.07 (1)]

### ❖ MEDIATION

In mediation, a neutral person called a "mediator" facilitates communication among parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution. Mediation is a voluntary, informal and confidential process held out of court.

**Cases for which Mediation may be appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. If family members, neighbors or business partners have a dispute, mediation may be the best process to use.

**Operation/Court Policy.** All parties to a dispute may voluntarily agree to submit their case to mediation, either through a court appointment or through a private arrangement. A list of neutral providers who are trained and experienced have been reviewed and approved by the Court. The list can be found at www.stanct.org. Litigants are not limited to a mediator on the court list and may select any mediator agreed upon by all the parties in private mediation. A mediation provider need not be an attorney.

1. *Private Mediation.* Parties to a civil action can agree to mediate their dispute with a mediator of their choice without court assistance.
2. *Court Mediation.* Upon stipulation of the parties, the parties may either personally select their mediator from the court approved list of neutrals or request the court to make the selection from the said list. The court will confirm the selected mediator and notice parties by mail.

**Cost.** Generally the cost of *private mediation* ranges from $100-$300 per hour and is shared equally by the parties. The cost of *court mediation* is $400 total ($200 per side) for the first two hours. In the event that mediation extends beyond two hours and parties determine it would be beneficial to continue the mediation process, the parties will independently be responsible for compensating the mediator in an amount set by the mediator.

### ❖ Additional Information

Under the Dispute Resolution Program Act (DRPA) funding, the court partners with Stanislaus County Mediation Center to provide free mediation services to litigants in small claims matters and cases involving unlawful detainer. For more information on the specific ADR programs of the Stanislaus County Superior Court, please review the Local Rules available on the Court's website at www.stanct.org.

STAN-100

| ATTORNEY FOR PLAINTIFF *(name, bar card, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: | |

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
> MAILING ADDRESS: 801 10TH STREET, 4TH FLOOR
> CITY AND ZIP CODE: MODESTO, CA 95354
> BRANCH NAME: MODESTO

| **STIPULATION AND ORDER TO ADR** | |
|---|---|
| CASE NAME: | CASE NUMBER: |

The parties or by and through their attorneys' of record stipulate that the claims in this action shall be submitted to the following alternative dispute resolution process:

☐ Voluntary Mediation      ☐ Private Arbitration
☐ Private Mediation       ☐ Voluntary Mediation in lieu of
☐ Judicial Arbitration           Judicial Arbitration

---

**This box is to be filled out for Voluntary Mediation and Neutral Evaluation only.**

☐   In accordance with Stanislaus County Rule of Court 3.10(D)(4) and 3.11(C)(2) this form must be signed by the agreed upon mediator. If both parties agree the court will select a mediator for the case.

☐   It is Stipulated that_____(Name of mediator) shall serve as the neutral for this case.

_____     _____
Signature of Mediator         Date

☐   It is Stipulated that the Court select a mediator for this case.

**For Voluntary Mediation this form must be completed and returned with $400 ($200 from the plaintiffs and $200 from the defendants).**

---

► _____    ► _____
SIGNATURE        DATE      SIGNATURE        DATE

_____    _____
PLAINTIFF OR PLAINTIFF'S ATTORNEY    DEFENDANT OR DEFANDANT'S ATTORNEY

STAN-220

| Name and Address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS *(Optional)*:                FAX NO. *(Optional)*: | |

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
   MAILING ADDRESS:  801 10TH STREET, 4TH FLOOR
   CITY AND ZIP CODE:  MODESTO, CA 95354
   BRANCH NAME:  MODESTO

CASE NAME:

| **NOTICE OF DATE, TIME AND PLACE OF MEDIATION** | CASE NUMBER: |
|---|---|

<br>

All parties to this case are notified that this matter has been set for Mediation on

_____, 20___, at the hour of _____, at this address:

_____

_____

_____

<br><br>

Date: _____        Signature: _____

                                   Print Name: _____

STAN-230

| MEDIATOR *(Name and Address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS *(Optional)*:          FAX NO. *(Optional)*: | |

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
MAILING ADDRESS: **801 10TH STREET, 4TH FLOOR**
CITY AND ZIP CODE: **MODESTO, CA 95354**
BRANCH NAME: **MODESTO**

CASE NAME:

| **MEDIATOR'S REPORT** | CASE NUMBER: |
|---|---|

1. Mediation *(check one)*

   ☐ did not take place, because _____

   _____

   _____

   _____.

   ☐ is continuing until _____.

   ☐ took place on _____ and is completed.

2. The mediation ended in *(check one)*

   ☐ full agreement.

   ☐ partial agreement.

   ☐ no agreement.

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF MEDIATOR)

_____
Date:

NOTE: Within 10 days of the end of the mediation process or by the ADR completion deadline set by the court, the mediator must forward a copy of this report to the ADR Clerk at the Stanislaus County Courthouse. Please do not include any confidential information on this form (see *Evidence Code* §1121).

# EXHIBIT C

1  Michael J. Nader, SBN 200425
   michael.nader@ogletree.com
2  Elizabeth D. Rhodes, SBN 218480
   elizabeth.rhodes@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  500 Capitol Mall, Suite 2500
   Sacramento, CA  95814
5  Telephone:    916-840-3150
   Facsimile:    916-840-3159
6
7  Attorneys for Defendant
   W.W. GRAINGER, INC.

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF STANISLAUS**

10

11  VERONICA RODRIGUEZ, on behalf of herself    Case No. CV-23-000752
    and others similarly situated,
12                                              [Assigned for all purposes to The Honorable
                 Plaintiff,                      Sonny S. Sandhu, Dept. 24]
13
           vs.
14                                              **ANSWER OF DEFENDANT W.W.**
    W.W. GRAINGER, INC., and DOES 1 to 100,     **GRAINGER, INC.**
15  inclusive,
16               Defendants.
                                                Action Filed:     2/10/2023
17                                              Trial Date:       None Set

18

19        Defendant W.W. GRAINGER, INC. ("Defendant") hereby responds to Plaintiff's Class

20  Action Complaint for Damages ("Complaint") filed by VERONICA RODRIGUEZ ("Plaintiff") as

21  follows:

22                              **GENERAL DENIAL**

23        Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies generally each and

24  all of the allegations in the Complaint herein, including, but not limited to, that the Plaintiff is entitled

25  to any of the relief requested, that Defendant has engaged in any wrongful or unlawful conduct,

26  whether alleged or otherwise, and that Defendant's conduct or omissions caused any injury or

27  damage to the Plaintiff or any members of any class that the Plaintiff purports to represent in the

28  manner or amount alleged, to be alleged or otherwise, or at all.

                                        1
                        ANSWER OF DEFENDANT W.W. GRAINGER, INC.

1    Additionally, without admitting that it carries the burden of proof as to any of the issues raised

2    thereby, Defendant asserts the following separate and independent defenses and prays for judgment

3    as set forth below and further gives notice that it intends to rely upon such other and further defenses

4    as may become available during discovery in this action and reserves the right to amend its Answer

5    to assert any such defenses.

6                                      **AFFIRMATIVE DEFENSES**

7    Without waiving or excusing the burden of proof on Plaintiff, or admitting that Defendant

8    has any burden of proof, Defendant asserts the following defenses:

9                                 **FIRST AFFIRMATIVE DEFENSE**

10                                     (Arbitration Agreements)

11   Plaintiff may not litigate this action in a judicial forum to the extent Plaintiff and the persons

12   Plaintiff seeks to represent are subject to mandatory, final, and binding arbitration agreements that

13   do not permit them to bring claims in the Court or on a class, collective, or representative basis.

14                               **SECOND AFFIRMATIVE DEFENSE**

15                                     (Failure to State a Claim)

16   The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a

17   cause of action against Defendant upon which relief can be granted and/or fails to state a claim.

18                                **THIRD AFFIRMATIVE DEFENSE**

19                                     (Statute of Limitations)

20   The Complaint and each and every purported cause of action alleged therein is barred in

21   whole or part by all applicable statutes of limitations, including but not limited to California Code of

22   Civil Procedure §§ 337, 338, 339, 340, 343; California Labor Code §§ 203(b); and California

23   Business and Professions Code § 17208.

24                               **FOURTH AFFIRMATIVE DEFENSE**

25                             (Waiver, Estoppel, Laches, Unclean Hands)

26   The Complaint is barred in whole or in part by the doctrines of laches, estoppel, and waiver.

27   Plaintiff unreasonably delayed in asserting claims after having knowledge of the injuries alleged in

28   the Complaint. Defendant neither knew nor had reason to know of the alleged acts and omissions

complained of in this case. Plaintiff failed to provide such notice and, therefore, is barred from bringing his claims. The claims are also barred to the extent Plaintiff and/or other employees whom he seeks to represent released Defendant from liability for the claims alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

(Legitimate Business Reasons)

The Complaint, and each of its causes of action, is barred in whole or in part because Defendant had an honest, good-faith belief that all decisions with respect to Plaintiff were made for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them at the time, including but not limited to Defendant's belief that Defendant did not owe Plaintiff any additional amounts, whether by way of wages or otherwise.

### SIXTH AFFIRMATIVE DEFENSE

(Statutory Obligations)

The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff breached or did not satisfy his statutory obligations as provided in the California Labor Code, including but not limited to California Labor Code sections 2854, 2856-2859, 2922, and 2924.

### SEVENTH AFFIRMATIVE DEFENSE

(Reasonable Business Judgment)

Plaintiff's claims for unfair business practices are barred because Defendant at all applicable times exercised reasonable business judgment.

### EIGHTH AFFIRMATIVE DEFENSE

(Due Process)

Any finding of liability under California Business and Professions Code section 17200, *et seq.*, would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under California's Unfair Competition Law are unduly vague and subjective.

### NINTH AFFIRMATIVE DEFENSE

(No Knowledge)

The claims by Plaintiff premised on a failure to pay wages, including minimum and overtime

wages, and any alleged violations thereto, are barred to the extent he performed work without Defendant's actual or constructive knowledge. Similarly, the claims are barred to the extent they are based on work that Defendant did not suffer or permit Plaintiff to perform, or that was not performed while under the direction and control of Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Meal Period Waivers)

The claims by Plaintiff premised on a failure to provide meal periods are barred to the extent Plaintiff and/or the class waived his meal periods.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unintentional, Inadvertent Error)

Plaintiff's claims are barred to the extent Defendant did not knowingly or intentionally violate the Labor Code provisions upon which Plaintiff's claims are based, and to the extent such violations exist (which Defendant disputes) the violations were inadvertent or due to clerical error.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

The claims by Plaintiff are barred, in whole or in part, because Defendant's actions were based on an honest, reasonable, good faith belief in the facts known and understood at the time and were not intentional or willful, including not being willful within the meaning of the California Labor Code. Defendant made good faith attempts to comply with California law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

The Complaint, and each of its causes of action, is barred in whole or in part because any loss, injury, damage, or detriment alleged in the Complaint resulted from the acts or omissions of Plaintiff and/or third parties, and was not due to any act or omission of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The Complaint is barred in whole or in part because the imposition of damages including penalties would be duplicative, unjust, arbitrary, capricious, confiscatory, and/or oppressive. For this

same reason, recovery of damages is barred to the extent that the accumulation of damages would be so disproportionate to the harm alleged as to violate due process under the Constitutions of the United States and the State of California.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Inappropriate for Class Treatment)

The claims alleged by Plaintiff on behalf of himself and members of the putative class are matters in which individual questions predominate and lack commonality. And the claims alleged by Plaintiff on behalf of himself and members of the putative class are neither common to nor typical of those, if any, of the group of employees he seeks to represent. Accordingly, the claims are not appropriate for class treatment

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Complaint and each of its causes of action are barred, in whole or in part, because any recovery from Defendant would result in unjust enrichment to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

To the extent that Plaintiff owes money to Defendant, Defendant is entitled to offset, set off, or recoup such amounts against any damages awarded.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (De Minimis)

Plaintiff's claims are barred in whole or in part because, even if Plaintiff was not paid for all work performed (which Defendant denies), such work is not compensable pursuant to the *de minimis* doctrine. Under this doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.

## RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, and as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses by way of future amendment.

1

## **<u>RELIEF REQUESTED</u>**

2

WHEREFORE, Defendant requests as follows:

3

    1.    That Plaintiff take nothing by the Complaint;

4

    2.    That the Court deny Plaintiff's request to proceed on a class and/or representative

5

basis;

6

    3.    That the Complaint be dismissed in its entirety with prejudice;

7

    4.    That Defendant recover its costs of suit herein, including reasonable attorney fees;

8

and

9

    5.    That the Court award such other and further relief as it deems appropriate.

10

11

DATED:  March 20, 2023

                OGLETREE, DEAKINS, NASH,
                SMOAK & STEWART, P.C.

12

13

                By: _____

14

                   Michael J. Nader
                   Elizabeth D. Rhodes

15

16

                   Attorneys for Defendant
                   W.W. GRAINGER, INC.

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT W.W. GRAINGER, INC.

**PROOF OF SERVICE**

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Sacramento in the office of a member of the bar of this court at whose direction the service was made. My business address is 500 Capitol Mall, Suite 2500, Sacramento, CA 95814. My email address is: elaine.blizzard@ogletree.com

On March 20, 2023, I served the following document(s):

**ANSWER OF DEFENDANT W.W. GRAINGER, INC.**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the following party(ies):

| | |
|---|---|
| Joseph Lavi, Esq. | Attorneys for Plaintiff |
| Vincent C. Granberry, Esq. | VERONICA RODRIGUEZ |
| Pooja V. Patel, Esq. | |
| Lavi & Ebrahimian, LLP | |
| 8889 W. Olmpic Boulevard, Suite 200 | |
| Beverly Hills, CA 90211 | |
| Tel: 310-432-0000 | |
| Fax: 810-432-0001 | |
| E-Mail: jlavi@lelawfirm.com | |
|      vgranberry@lelawfirm.com | |
|      ppatel@lelawfirm.com | |

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 20, 2023, at Sacramento, California.

_____
Elaine M. Blizzard